ALTENBERND,
Judge, Concurring.
I fully concur in this reversal and write simply to point out that this is a very unusual unemployment compensation appeal. Mr. Humble never filed a claim for benefits listing Sunshine Installations, Inc., as an employer. Rather, it appears Mr. Humble was receiving unemployment benefits based upon his separation from a job as a disc jockey when he decided to investigate a position with Sunshine installing cable systems in residences.
Our record does not reveal who previously employed Mr. Humble or any information about his initial claim for benefits. Instead, the record on appeal begins with a “fact finding statement” from an interview conducted by “B. Drakes” of the Agency for Workforce Innovation. This form has a box for a “claimant certification” and a signature line marked, “claimant’s signature,” but the notation made above this line is obviously not Mr. Humble’s signature. It perhaps is a notation that the “fact finding” occurred during a telephone interview. In this interview, Mr. Humble denied that he took a job with Sunshine. The Agency then sent a determination to Mr. Humble and Sunshine that Mr. Humble quit his job for reasons not attributable to Sunshine, as employer. The determination noted that Sunshine was not “chargeable” for benefits because “the employment was not in the base period.”
*959 When Mr. Humble appealed this determination, neither Mr. Humble nor Sunshine had any interest in proving that he had ever been an employee of Sunshine. If a prior employer was chargeable for these benefits, there is no indication that the prior employer received any notice of these proceedings. Mr. Humble denied that he was actually an employee during this short experience and denied that he received any pay. The only person at the hearing with an interest in proving that this employment occurred and that Mr. Humble left it voluntarily seems to have been the referee.
As we noted in Wood v. Unemployment Appeals Commission, 927 So.2d 127 (Fla. 2d DCA 2006), a claimant seeking benefits must simply establish that he or she is unemployed. The burden then generally shifts to the employer to prove some event establishing the claimant is disqualified from receiving benefits pursuant to section 443.101. That employer, however, is usually the chargeable employer with an interest in proving disqualification.
No one disputed that Mr. Humble was unemployed at the time of the hearing. The question was whether his limited experience with Sunshine was employment such that he was no longer unemployed and eligible for benefits, and if so, whether he voluntarily left that employment so that he was disqualified from further benefits pursuant to section 443.101(l)(a)(l). Mr. Humble did not bear the burden of proof on these issues. I do not believe that any party with such a burden of proof established that Mr. Humble was ever employed by Sunshine or if he was, that he quit that employment. Accordingly, Mr. Humble never had the burden to prove any issue at this hearing.